IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| INTERVET, INC., d/b/a | ) JURY TRIAL DEMANDED |
| INTERVET/SCHERING-PLOUGH | ) |
| ANIMAL HEALTH, and | ) |
| BOEHRINGER INGELHEIM | ) |
| VETMEDICA, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Wyeth, by and through the undersigned counsel, asserts this action for patent infringement against Defendants Intervet, Inc., d/b/a Intervet/Schering-Plough Animal Health ("Intervet") and Boehringer Ingelheim Vetmedica, Inc. ("BI") and alleges as follows:

### PARTIES

1. Plaintiff Wyeth is a corporation organized and existing under the laws of Delaware and has its headquarters at 5 Giralda Farms, Madison, NJ 07940.

2. Upon information and belief, Intervet is a corporation organized and existing under the laws of Delaware, with a principal place of business in Millsboro, Delaware.

3. Upon information and belief, BI is a corporation organized and existing under the laws of Delaware, with a principal place of business in St. Joseph, Missouri.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because it arises under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has personal jurisdiction over the Defendants because (i) both Defendants are incorporated in Delaware and knowingly transact business in this judicial district; (ii) Defendant Intervet maintains its principal place of business in Delaware; and (iii) the conduct of both Defendants is causing injury to Plaintiff in Delaware.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), in that the Defendants reside and transact business in this judicial district.

## THE PATENTS

7. On March 9, 2004, U.S. Patent No. 6,703,023, entitled "Circovirus Sequences Associated with Piglet Weight Loss Disease," was lawfully issued (the "'023 patent"). A true and accurate copy of the '023 patent is attached hereto as **Exhibit A**.

8. Wyeth is the assignee of the '023 patent, which relates to a vaccine and its components to prevent piglet weight loss disease and other Porcine Circovirus-associated diseases ("PCVAD").

9. On May 29, 2007, U.S. Patent No. 7,223,407, entitled "Circovirus Sequences Associated with Piglet Weight Loss Disease," was lawfully issued (the "'407 patent"). A true and accurate copy of the '407 patent is attached hereto as **Exhibit B.**

10. Wyeth is the assignee of the '407 patent, which relates to a vaccine and its components to prevent piglet weight loss disease and other PCVAD.

11. On May 29, 2007, U.S. Patent No. 7,223,594, entitled "Circovirus Sequences Associated with Piglet Weight Loss Disease," was lawfully issued (the "'594 patent"). A true and accurate copy of the '594 patent is attached hereto as **Exhibit C.**

12. Wyeth is the assignee of the '594 patent, which relates to a vaccine and its components to prevent piglet weight loss disease and other PCVAD.

13. On August 5, 2008, U.S. Patent No. 7,407,803, entitled "Circovirus Sequences Associated with Piglet Weight Loss Disease," was lawfully issued (the "'803 patent"). A true and accurate copy of the '803 patent is attached hereto as **Exhibit D.**

14. Wyeth is the assignee of the '803 patent, which relates to a vaccine and its components to prevent piglet weight loss disease and other PCVAD.

15. Wyeth, through its Fort Dodge Animal Health division, has developed, and currently manufactures and markets, a Porcine Circovirus Vaccine, Type 2, under the trade name Suvaxyn® PCV2 One Dose, which is used to immunize piglets from PCVAD. Suvaxyn® PCV2 One Dose is covered by the claims of the '023, '407, '594 and '803 patents.

## CLAIMS FOR RELIEF

### COUNT ONE
### Infringement of the '023 Patent By Intervet

16. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Upon information and belief, Intervet is an animal health company in the business of, among other things, manufacturing, marketing, distributing, importing and/or selling veterinary vaccines and pharmaceutical products. Intervet currently manufactures and markets a Porcine Circovirus Vaccine, Type 2, under the trade names Circumvent® PCV and Porcilus,® which are used to immunize piglets from PCVAD.

18. Intervet has infringed, and continues to infringe, the '023 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '023 patent, including Intervet's Circumvent® PCV and Porcilis® PCV vaccines.

{00280916;v1}

3

19. Upon information and belief, Intervet has actively induced, and continues to induce, others to infringe the '023 patent.

20. Upon information and belief, Intervet's infringement of the '023 patent has been, and continues to be, willful, deliberate and objectively reckless. Intervet's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

21. Intervet's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT TWO
### Infringement of the '023 Patent By BI

22. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Upon information and belief, BI is an animal health company in the business of, among other things, manufacturing, marketing, distributing, importing and/or selling veterinary vaccines and pharmaceutical products. BI currently manufactures and markets a Porcine Circovirus Vaccine, Type 2, under the trade name Ingelvac CircoFLEX,® which is used to immunize piglets from PCVAD.

24. BI has infringed, and continues to infringe, the '023 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '023 patent, including BI's Ingelvac Circoflex® vaccine.

25. Upon information and belief, BI has actively induced, and continues to induce, others to infringe the '023 patent.

26. Upon information and belief, BI's infringement of the '023 patent has been, and continues to be, willful, deliberate, and objectively reckless. BI's willful conduct provides a

basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

27. BI's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT THREE
### Infringement of the '407 Patent by Intervet

28. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Intervet has infringed, and continues to infringe, the '407 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '407 patent, including Intervet's Circumvent® PCV and Porcilis® PCV vaccines.

30. Upon information and belief, Intervet has actively induced, and continues to induce, others to infringe the '407 patent.

31. Upon information and belief, Intervet's infringement of the '407 patent has been, and continues to be, willful, deliberate, and objectively reckless. Intervet's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

32. Intervet's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT FOUR
### Infringement of the '407 Patent by BI

33. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. BI has infringed, and continues to infringe, the '407 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '407 patent, including BI's Ingelvac Circoflex® vaccine.

35. Upon information and belief, BI has actively induced, and continues to induce, others to infringe the '407 patent.

36. Upon information and belief, BI's infringement of the '407 patent has been, and continues to be, willful, deliberate and objectively reckless. BI's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

37. BI's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT FIVE
### Infringement of the '594 Patent by Intervet

38. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Intervet has infringed, and continues to infringe, the '594 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '594 patent, including Intervet's Circumvent® PCV and Porcilis® PCV vaccines.

40. Upon information and belief, Intervet has actively induced, and continues to induce, others to infringe the '594 patent.

41. Upon information and belief, Intervet's infringement of the '594 patent has been, and continues to be, willful, deliberate and objectively reckless. Intervet's willful conduct

provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

42. Intervet's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT SIX
### Infringement of the '594 Patent by BI

43. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. BI has infringed, and continues to infringe, the '594 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '594 patent, including BI's Ingelvac Circoflex® vaccine.

45. Upon information and belief, BI has actively induced, and continues to induce, others to infringe the '594 patent.

46. Upon information and belief, BI's infringement of the '594 patent has been, and continues to be, willful, deliberate and objectively reckless. BI's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

47. BI's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT SEVEN
### Infringement of the '803 Patent by Intervet

48. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Intervet has infringed, and continues to infringe, the '803 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '803 patent, including Intervet's Circumvent® PCV and Porcilis® PCV vaccines.

50. Upon information and belief, Intervet has actively induced, and continues to induce, others to infringe the '803 patent.

51. Upon information and belief, Intervet's infringement of the '803 patent has been, and continues to be, willful, deliberate and objectively reckless. Intervet's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

52. Intervet's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## COUNT EIGHT
### Infringement of the '803 Patent by BI

53. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. BI has infringed, and continues to infringe, the '803 patent, either directly or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling products that infringe the '803 patent, including BI's Ingelvac Circoflex® vaccine.

55. Upon information and belief, BI has actively induced, and continues to induce, others to infringe the '803 patent.

56. Upon information and belief, BI's infringement of the '803 patent has been, and continues to be, willful, deliberate and objectively reckless. BI's willful conduct provides a basis

for this Court to award enhanced damages pursuant to 35 U.S.C. § 284 and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

57. BI's infringing conduct has caused, is causing, and will continue to cause substantial injury and damage to the plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests:

A. That the Court determine that Intervet has infringed, and is infringing, one or more claims of the '023, '407, '594 and '803 patents;

B. That the Court determine that BI has infringed, and is infringing, one or more claims of the '023, '407, '594, and '803 patents;

C. That the Court determine the amount of damages to the plaintiff caused by Intervet's infringement and enter judgment for the plaintiff in that amount, plus interest and costs;

D. That the Court determine the amount of damages to the plaintiff caused by BI's infringement and enter judgment for the plaintiff in that amount, plus interest and costs;

E. That the Court determine that Intervet's infringement has been willful and deliberate and award up to treble damages to the plaintiff pursuant to 35 U.S.C. § 284;

F. That the Court determine that BI's infringement has been willful and deliberate and award up to treble damages to the plaintiff pursuant to 35 U.S.C. § 284;

G. That, after trial, the Court enter a permanent injunction, enjoining Intervet, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, from infringing the '023, '407, '594, and '803 patents;

H. That, after trial, the Court enter a permanent injunction, enjoining BI, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, from infringing the '023, '407, '594, and '803 patents; and

I. That the Court determine that this case is exceptional, within the meaning of 35 U.S.C. § 285, and order Intervet and BI to pay plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

J. That the Court grant such other and further relief as it deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby respectfully requests a jury trial on all issues triable of right by a jury.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Plaintiff*

Dated: March 12, 2009

{00280916;v1}